**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mia Taylor,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Wal-Mart Corporation,<br><br>　　　　　　Defendant. | No. CV14-1034 PHX DGC<br><br>**ORDER** |

　　　　Plaintiff filed a pro se complaint against Defendant on April 10, 2014 in Maricopa County Superior Court, and Defendant subsequently removed the case to this Court. Doc. 1. On May 21, 2014, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. Doc. 10. Plaintiff did not file a timely response. The Court's staff called Plaintiff to advise her of the need to file a response, but she did not return the Court's call.

　　　　On May 22, 2014, the Court entered an order that required the parties to confer and prepare a Rule 26(f) report and appear for a case management conference on August 5, 2014. Doc. 11. The order directed Plaintiff to initiate efforts to prepare the report. When Plaintiff failed to initiate preparation of the report, defense counsel called Plaintiff on numerous occasions, sent her emails advising her of the Court's deadlines and of the need to prepare a joint report, and even provided her with a copy of the Court's May 22 order (which Plaintiff had also received in a direct mailing from the Court). Plaintiff refused to participate in preparation of a Rule 26(f) report told defense counsel to stop contacting her. Doc. 13. Plaintiff did not appear at the case management

conference on August 5, 2014.

Plaintiff has a duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Not only has she failed to prosecute, she has disregarded deadlines set by the rules and by court orders and has refused to communicate with defense counsel and the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) appears to require a motion. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). Here, the first, second, and third factors favor dismissal. Plaintiff's failures to cooperate, communicate, or obey court deadlines and orders prevent the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Because Plaintiff refuses to communicate or comply, the Court can think of no alternative to dismissal.

The Court also concludes that Defendant's motion to dismiss (Doc. 10) is well taken. Plaintiff's claims under 42 U.S.C. § 1983 and 18 U.S.C. § 242 (if there is a private right of action under that statute) each require that the defendant act under color of law.

- 2 -

The actions complained of by Plaintiff are those of a private corporation, not actions taken under color of law.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 10) is **granted.** This action is dismissed under Rule 41(b) and for failure to state a claim upon which relief can be granted.

2. The Clerk is directed to terminate this case.

Dated this 6th day of August, 2014.

_____
David G. Campbell
United States District Judge